UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES MARK HINKLEY,<br><br>                    Plaintiff,<br><br>        v.<br><br>RON KNIGHT, LYNN CLARK, ROD<br>SHUMATE, KIRK JESSEE, C/O<br>"UNKNOWN" LIND,"UNKNOWN" SHATTO,<br>"UNKNOWN" TURNER, "UNKNOWN" RUIZ<br>and "UNKNOWN INDIVIDUALS,"<br><br>                    Defendants. | NO:  CV-13-5047-EFS<br><br>**ORDER DENYING MOTIONS AND STRIKING**<br>**NON-PARTY SUBMISSIONS** |

        Before the Court are Plaintiff's Motion to Appoint Legal Counsel,
ECF No. 4; a document construed as a Motion for Preliminary
Injunction/TRO, ECF No. 5; a letter construed as a Motion to Strike the
Motion for Preliminary Injunction/TRO and the initial complaint, ECF No.
8; a proposed amended complaint, ECF No. 9; a Motion for Temporary
Restraining Order, ECF No. 10; and a letter and declaration of a "non-
party," ECF No. 12.   Plaintiff is proceeding *pro se* and *in forma*
*pauperis*; Defendants have not been served.   Plaintiff's Motions and
documents were considered without oral argument on the date signed
below.

// 

// 

ORDER DENYING MOTIONS AND STRIKING NON-PARTY SUBMISSIONS -- 1

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel. This court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (citation omitted).

By separate Order, the Court has advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. The Court has also denied Plaintiff's request for class certification. At this time, the record does not reflect exceptional circumstances warranting the designation of counsel. Accordingly, Plaintiff's motion is denied.

## MOTIONS FOR INJUNCTIVE RELIEF AND TO WITHDRAW COMPLAINT

On April 15, 2013, Plaintiff submitted a document titled, "Order to Show Cause for an [sic] Preliminary Injunction & a Temporary Restraining Order," which the Court liberally construes as a Motion for Preliminary Injunction/TRO, ECF. No. 5. On April 25, 2013, the Court received a proposed Amended Civil Rights Complaint, ECF No. 9, a proposed Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. 10, and a letter in which Mr. Hinkley asks the District Court Executive to replace the original complaint with his amended one and the "Preliminar [sic] Injunction" with the one he enclosed. ECF No. 8. Because one document cannot simply be substituted for another, the Court liberally construed this letter as a Motion to Strike the prior documents, ECF

ORDER DENYING MOTIONS AND STRIKING NON-PARTY SUBMISSIONS -- 2

Nos. 1 and 5.  For the reasons set forth below, this construed motion to strike is denied as moot.

The Court has no jurisdiction to address a motion for injunctive relief until the plaintiff has filed a legally sufficient complaint. *See generally* Fed. R. Civ. P. 3 and commentary.  Furthermore, Defendants are not parties to a suit before being served with process, *see Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

As stated above, the Court has deemed the initial Complaint deficient and directed Plaintiff to amend or voluntarily dismiss.  An amended complaint supercedes the original complaint, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be complete in itself without reference to the prior or superceded pleading.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (*citing to London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.1981)).

After review of the proposed amended complaint, which omits four of the previously named Defendants and attempts to add "Unknown Sinclair", ECF No. 9, the Court finds that this document is insufficient to cure the deficiencies of the initial complaint.  Accordingly, the Court finds no basis to grant Plaintiff a temporary restraining order or permanent injunction, and Plaintiff's motions to that effect are denied.

### DOCUMENTS FROM NON-PARTY

On May 10, 2013, the Court received a letter from another inmate, referencing Mr. Hinkley's case.  This inmate, who is not a party to this action, asks the Court to "add an additional declaration," regarding his experiences.  A civil action is not an open forum in which *any* inmate

may express his grievances to the Court.  Only the *pro se* Plaintiff or his counsel, should he retain one, may file documents in this action. Accordingly, the May 10, 2013 letter from inmate Joel M. Zellmer is hereby stricken.  If Mr. Zellmer or any other inmate wishes to file a separate action, he is free to do so.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion to Appoint Legal Counsel, **ECF No. 4**, is **DENIED.**

2.  Plaintiff's construed Motion to Strike, **ECF No. 8**, is **DENIED AS MOOT.**

3.  Plaintiff's construed Motions for a Temporary Restraining Order and Permanent Injunction, **ECF Nos. 5 & 10**, are **DENIED.**

4.  The May 10, 2013 letter from inmate Joel M. Zellmer, ECF No. 12, is hereby **STRICKEN.**  The Clerk's Office is **DIRECTED** to send a civil rights packet to Mr. Zellmer.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide a copy to Plaintiff and to Mr. Zellmer.

**DATED** this  18th  day of June 2013.


_____s/ Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge